IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOB RIVERA, | : | Civil No. 1:24-CV-00033 |
| Petitioner, | : | |
| v. | : | |
| JESSICA SAGE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Petitioner Bob Rivera ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") failure to apply his earned time credits. (Doc. 1.) For the reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

Petitioner is currently housed in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). He initiated this habeas corpus action under 28 U.S.C. § 2241 in January of 2024, but failed to sign his petition. (Docs. 1, 4.) Following a court order, he filed a supplemental and signed petition, which the court construes as an amended petition in February 2024. (Doc. 5.) The amended petition asserts that he is due earned time credits under the First Step Act ("FSA"). (Doc. 5.) On March 19, 2024, the court entered an order serving Warden Jessica Sage ("Respondent") a copy of the petition. (Doc. 6.) Respondent appeared and

1

filed a response on April 8, 2024. Petitioner did not file a traverse. The court will now address the pending petition.

## DISCUSSION

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id*. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days of time credit per thirty (30) days of successful participation. *See id*. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for earned time credits. *See id*. § 3632(d)(4)(D). If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2)

demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the system to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison.  *See id.* § 3624(g)(1); *see also* 28 C.F.R. § 523.44(b), (c).

Here, Petitioner is arguing that the BOP has erred in not applying his earned time credits.  (Doc. 5.)  However, the petition is unclear why the BOP is not applying his earned time credits.  Despite this lack of information in the pleading, the court will dismiss the petition for failing to exhaust his administrative remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20

4

calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

The record demonstrates that Petitioner filed only one administrative remedy during the time he was incarcerated in the BOP. (Doc. 8-4.) This administrative remedy concerned the denial of admission to a residential drug abuse program ("RDAP") program and a request for home confinement. (Docs. 8-2, 8-4.) This was denied and not appealed. (*Id*.) As such, the issue of the application of FSA earned time credits is unexhausted.

## CONCLUSION

For the reasons set forth above, the court will dismiss the amended petition for writ of habeas corpus. The case will be closed.

A separate order will be issued.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: July 8, 2024